ESPERANZA RODRÍGUEZ BARREAL y su esposo ERNESTO MARI RODRÍGUEZ, demandantes y apelantes, *v*. EL TESORERO DE PUERTO RICO, HON. R. SANCHO BONET, demandado y apelado.

Núm. 7637.—*Sometido:* Abril 6, 1938. *Resuelto:* Mayo 25, 1938.

*José Sabater*, abogado de los apelantes; *Hon. Procurador General B. Fernández García* y *C. Andréu Rivas, Subprocurador*, abogagados del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

Los peticionarios en un procedimiento de *mandamus* apelan de una sentencia adversa. El recurso se basó en una ley (núm. 23) aprobada el 16 de julio de 1936 (Leyes de 1936 (2) pág. 161) que autorizó al Tesorero de Puerto Rico dentro del período estatutario de redención a aplazar el pago de ciertas contribuciones adeudadas sobre propiedad vendida por haberse dejado de pagar las mismas. Dos parcelas de terreno pertenecientes a los peticionarios habían sido vendidas para el cobro de contribuciones atrasadas y adjudicadas a El Pueblo de Puerto Rico. Las contribuciones atrasadas incluían contribuciones personales, así como las impuestas sobre las fincas. Los peticionarios ofrecieron un cheque certificado en pago de cierta parte de las contribuciones adeudadas sobre las fincas. El Tesorero de Puerto Rico se negó a aplazar el pago del saldo de estas contribuciones a menos que se pagaran tam-

bién las contribuciones personales atrasadas para cuyo cobro había sido embargada y vendida la propiedad.

■■ El primer señalamiento es que la corte inferior erró al resolver que los peticionarios no tenían derecho a obtener el aplazamiento de cierta parte de las contribuciones sobre la finca sin pagar las contribuciones personales atrasadas. El segundo señalamiento es que la corte de distrito erró al resolver que la cuestión del aplazamiento era una que caía dentro de la discreción del Tesorero.

El artículo 348 del Código Político, según fué enmendado en 1910 (Estatutos Revisados de 1911, pág. 600, sección 3014), dispone que los bienes vendidos para el pago de contribuciones podrán redimirse "pagando al comprador, herederos o cesionarios, la cantidad total del valor de la compra, con interés anual a razón del doce por ciento, junto con todas las costas devengadas y contribuciones vencidas." Luego de proveer que "el recibo del dinero pagado para redimir la propiedad" se extenderá al dorso del certificado de compra, el artículo continúa disponiendo que:

"El recibo debidamente extendido al dorso del certificado de compra, surtirá el efecto de carta de pago a todas las reclamaciones sobre el título de propiedad del inmueble, vendido por razón o en virtud de dicha subasta para el pago de contribuciones no satisfechas. Y el que redimiere la propiedad puede hacer que dicha carta de pago se inscriba debidamente en el registro de la propiedad contra el certificado de compra, mediante el pago al registrador de un *dollar* como honorarios; y la propiedad así redimida quedará sujeta a todas las cargas y reclamaciones legales contra ella, que no fueren por contribuciones, en la misma amplitud y forma como si no se hubiere vendido dicha propiedad para el pago de contribuciones."

El artículo 1 de la ley de 1936 (Tercera Legislatura Extraordinaria, pág. 161) autoriza al Tesorero de Puerto Rico "para aplazar el pago de las contribuciones sobre la propiedad inmueble en Puerto Rico adeudadas y pendientes de pago correspondientes al año 1934–35 y años anteriores en la forma y condiciones que se disponen en esta ley y con sujeción a los

reglamentos que dicho Tesorero promulgare con arreglo a la misma.'' El artículo 2 preceptúa: ''Cualquier contribuyente que se hallare adeudando contribuciones sobre la propiedad inmueble correspondientes al año 1934–35 o años anteriores podrá solicitar del Tesorero de Puerto Rico que se aplace el cobro de dichas contribuciones para ser pagadas en plazos en la forma que determine esta Ley; *Disponiéndose,* que esta Ley será aplicable además a todas aquellas personas naturales o jurídicas cuyas propiedades hubieren sido rematadas por falta de pago de contribuciones y adjudicadas a 'El Pueblo de Puerto Rico' y que no estén dedicadas al servicio del Gobierno Federal, Insular o de los municipios, y que estén dentro del año legal de redención . . .'' El artículo 3 provee: ''El Tesorero de Puerto Rico a solicitud de cualquier contribuyente podrá autorizar el aplazamiento del cobro de las contribuciones sobre la propiedad inmueble que dicho contribuyente adeude correspondientes al año 1934–35 y años anteriores . . .''

Los artículos 4, 5 y 8 leen así:

''Artículo 4.—Cada uno de los recibos de contribuciones sobre la propiedad inmueble cuyas contribuciones sean aplazadas será suspendido del cobro y el Tesorero de Puerto Rico ordenará que el montante de contribuciones que cada una de dichas propiedades inmuebles adeude, sin incluir intereses, recargos, cuotas de apremios y gastos de anuncios de subasta, se haga figurar en un nuevo recibo que se llamará recibo de contribuciones aplazadas. Estos recibos de contribuciones aplazadas estarán divididos en veinte secciones para ser cobrados en las fechas que anteriormente se dispone, y devengarán intereses al tipo de tres (3) por ciento anual a contar desde el día 1ro. de abril de 1936.

''Artículo 5.—El montante de los recibos de contribuciones aplazadas expedidos de acuerdo con esta ley constituirá un gravamen preferente sobre los bienes sujetos a la contribución no pagada y aplazada. Este gravamen tendrá preferencia y prioridad sobre cualquier otro gravamen que pesare ya o que pudiera constituirse en adelante sobre las citadas propiedades. El término de duración de este gravamen, por contribuciones impuestas sobre bienes inmuebles,

establecido por los artículos 315 del Código Político, 1823 y 1824 del Código Civil, 168 de la Ley Hipotecaria y la sección 1ra. de la Ley 14 aprobada el 24 de agosto de 1933, se extiende a un período de veinte (20) años y no se extinguirá hasta que se hayan pagado totalmente las contribuciones aplazadas y sus intereses; *Disponiéndose,* que los embargos inscritos en el Registro de la Propiedad para el cobro de estas contribuciones quedarán vigentes hasta que se haya satisfecho el montante de las contribuciones aplazadas incluídas en el embargo.

"Artículo 8.—Será condición expresa del aplazamiento que haga el Tesorero de las contribuciones morosas adeudadas por un contribuyente, que éste pague antes del día 31 de diciembre de 1936, las contribuciones que se le impusieron por el año 1935–36 y el primer semestre del año 1936–37. Como premio al fiel cumplimiento del contrato de aplazamiento, el Tesorero dividirá en veinte (20) partes iguales el importe total adeudado por el contribuyente por concepto de intereses, recargos, cuotas de apremios y gastos de anuncios de subasta en el momento de hacerse el aplazamiento y condonará al contribuyente la cantidad proporcional de aquéllas que correspondieren al plazo o plazos de la deuda aplazada que hubiere satisfecho el contribuyente."

Estamos muy contestes con los apelantes en que las contribuciones cuyo pago puede ser aplazado bajo la ley de 1936 son tan sólo las contribuciones sobre bienes inmuebles. Precisamente por esa razón no hallamos evidencia de ninguna intención legislativa de autorizar la redención de bienes que han sido embargados y vendidos para el pago de contribuciones personales atrasadas, como tampoco para contribuciones atrasadas sobre la propiedad misma, sin pagar las contribuciones personales atrasadas, conforme exige el artículo 348 del Código Político. Sea ello como fuere, la ley de 1936 no impone al Tesorero el deber ministerial de permitir la redención de bienes inmuebles que han sido embargados y vendidos para el cobro de contribuciones atrasadas, incluyendo contribuciones personales, sin que se hayan pagado estas últimas.

*La sentencia apelada debe ser confirmada.*